IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE A. GOUDY, | : | |
|       Plaintiff, | : | CIVIL ACTION |
| | : | No. 19-1228 |
| v. | : | |
| | : | |
| MARK GARMAN, et al., | : | |
|       Defendants. | : | |
| | : | |
| | : | |

**McHUGH, J.**                                                                                                                                                                                   **JULY 21, 2020**

**MEMORANDUM**

      Petitioner Dwayne Goudy was tried and convicted in state court for various sexual offenses, and he now seeks habeas relief from those convictions. In his Petition, Mr. Goudy asserts as a basis for relief that the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2003), invalidated the statute used to sentence him and therefore rendered his conviction unconstitutional. Additionally, he asserts that the Petition's untimeliness should be excused under the doctrine of equitable tolling. Magistrate Judge Carol Sandra Moore Wells has prepared a Report and Recommendation ("R&R") that finds no merit in Goudy's claims, to which Goudy now objects. For the reasons that follow, I agree with Judge Wells's Report, find Goudy's objections to be without merit, and conclude that Goudy is not entitled to habeas relief.

      Though somewhat opaque, Mr. Goudy's first objection to the R&R appears to be that the Pennsylvania Supreme Court, acting pursuant to *Alleyne*, invalidated the statute under which he was sentenced, thereby making his continued incarceration unconstitutional. (Obj.'s to R&R ¶¶ 17-22) (citing *Commonwealth v. Wolfe*, 140 A.3d 651, 661-63 (Pa. 2016)). Irrespective of its merits, Goudy's argument is unavailing because his Petition is untimely. As Judge Wells

explained in the R&R, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period that begins running from the latest of four enumerated dates. 28 U.S.C. § 2244(d)(1)(A)-(D). To the extent that Goudy points to *Alleyne* as announcing a new constitutional right entitling him to relief, his Petition would be timely only if filed one year from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and *made retroactively applicable to cases on collateral review*." § 2244(d)(1)(C) (emphasis added). That creates two problems for Goudy. First, as noted by Judge Wells, and confirmed by the Third Circuit, the United States Supreme Court has not made *Alleyne* retroactively applicable to cases on collateral review. R&R, at 5 (citing *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014)). And second, even if the Supreme Court *had* made *Alleyne* retroactive, the Petition would still be untimely because Goudy filed it more than one year after *Alleyne* was decided: the Court handed down *Alleyne* on June 17, 2013; Goudy filed his Petition on April 22, 2019.

  Goudy's second objection attempts to circumvent this noncompliance with the statutory limitations period by asserting that any untimeliness should be excused under the doctrine of equitable tolling. Goudy is correct that a district court may consider an otherwise untimely habeas petition under the equitable tolling doctrine. As an initial matter, Goudy bears the burden of showing that he is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He can meet that burden "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (recognizing that the non-jurisdictional nature of AEDPA counsels against construing the statute inflexibly with regard to the limitation of time) (cleaned up).

In his objections, Mr. Goudy requests an "extraordinary circumstances exception" to the limitations period based on knowledge that his sentence had become "illegal" under the Supreme Court's decision in *Alleyne*. (Obj.'s to R&R ¶ 15.) "The extraordinary circumstances prong requires that the petitioner 'in some extraordinary way [be] prevented from asserting his or her rights.'" *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012) (quoting *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003)). It is not clear what Mr. Goudy asserts to be an extraordinary circumstance, aside from his becoming aware of the potential significance of *Alleyne*.

The Third Circuit has adopted a flexible, case-by-case approach and found extraordinary circumstances to be present when petitioners' efforts to comply with the limitations period are stymied by the occurrence of some roadblock that prevents them from asserting their rights. *See, e.g.*, *Ross v. Varano*, 712 F.3d 784, 804 (3d Cir. 2013) (inexcusable neglect by appellate counsel); *Munchinski v. Wilson*, 694 F.3d 308, 329-30 (3d Cir. 2012) (erroneous dismissal of claim by, and misleading information from, the PCRA court); *Pabon v. Mahanoy*, 654 F.3d 385, 400-01 (3d Cir. 2011) (limited English and placement in segregated housing); *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008) (erroneous dismissal of claim by, and misleading information from, the district court).

I will presume, for the sake of the analysis, that Mr. Goudy has diligently pursued his rights. Nevertheless, I conclude he has failed to allege the presence of a sufficiently extraordinary circumstance to excuse his untimeliness in filing the Petition. Goudy had one year from the decision in *Alleyne* to seek habeas relief on the basis of that decision, but he did not do so until nearly six years later. Goudy points to nothing in the interim that prevented him from seeking habeas relief in a timely fashion.

Based upon the foregoing, I reject Goudy's objections, adopt Judge Wells's R&R, and will further deny the issuance of a Certificate of Appealability. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
